UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

v.

FRANKLIN PERRY,

          Defendant.

No. 18-CR-10332

## DEFENDANT FRANKLIN PERRY'S SENTENCING MEMORANDUM

### I. Introduction

Franklin Perry stands before this Court having accepted responsibility for his actions. He has admitted having dealt in counterfeit currency and passed counterfeit notes, without seeking a plea agreement from the Government.[1] He understands that his actions were wrong, and that his objective to make money to support his family, despite a disability that severely limits his ability to work, does not excuse his conduct. Since his arrest in August 2018, Mr. Perry has served a sentence in an unrelated state case without a single disciplinary incident, and throughout the period both before and after this brief state sentence, he has dutifully observed the conditions of his release.

### II. Sentencing Guideline Calculation

Mr. Perry agrees with the Probation Department that the Base Offense Level under the federal sentencing guidelines is 9 under USSG §2B5.1(a). However, Mr. Perry disagrees with the

---

[1] Although there is no formal plea agreement, Perry pleaded guilty based on the understanding, from discussions between his counsel and AUSA Theodore Merritt, that the Government would recommend a sentence at the low end of the applicable guideline range.

addition of 6 levels on the basis that Mr. Perry manufactured or produced counterfeit obligation[s] and possessed or had custody of or control over a counterfeiting device or materials." PSR, ¶20. As noted by the Probation Department, subsection (b)(2)(A), in conjunction with subsection (b)(3), increases to 15 the level of the offense of counterfeiting where the defendant has "manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting."

Mr. Perry has pleaded guilty to knowingly selling and passing counterfeit currency, not that he had manufactured or produced such currency or that he possessed a counterfeiting device or materials. Mr. Perry denies any involvement in the manufacture or production of the counterfeit notes at issue, and there is no evidence proving such involvement on his part. Indeed, the statement of offense recited by the Government at the Rule 11 hearing (on April 2, 2019) does not allege that Mr. Perry manufactured or produced the counterfeit currency that he sold on June 28, 2018 or passed on July 25, 2018. Nor does the Government allege that the items seized on August 23, 2018 at a location that was not his residence *were* in fact used for counterfeiting, let alone that such items were used to manufacture or produce the counterfeit currency at issue in the indictment. The statement of offense merely alleged that federal agents seized several household "items *are* all used for counterfeiting Federal Reserve notes."

The enhancement under section 2B5.1(b)(2)(A) applies "only where there is some linkage to the actual production of counterfeit obligations." *United States v. Allen*, 434 F.3d 1166, 1172 (9th Cir. 2006). Thus, the Government is required to prove that the devices or materials were used for counterfeiting. *Id.* "Possession or custody over devices or materials that could be used for counterfeiting *but have not been* does not count." *Id.* Where, as here, "a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction," the

2

Government must prove this factor by clear and convincing evidence. *United States v. Rogers*, No. 2:17-CR-00035-JLQ-2, 2017 U.S. Dist. LEXIS 168079, *5-6 (E.D. Wash. Oct. 11, 2017). It has not done so. *Cf. United States v. Defillippo*, 11-CR-738, 2012 U.S. Dist. LEXIS 59387, *3 (E.D.N.Y. April 17, 2012) (enhancement applied where the defendant admitted to the production and repeated use of counterfeit currency in prior years). Accordingly, Mr. Perry's sentencing guideline calculation should not be enhanced under USSG §2B5.1(b)(3).

For the reasons described above, Mr. Perry's sentencing guideline calculation should be as follows:

| | |
|---|---|
| Base Offense Level | 9 |
| Specific Offense Characteristics | 0 |
| Specific Offense Characteristics (Victims) | 0 |
| Adjusted Offense Level | 9 |
| Acceptance of Responsibility: | -2 |
| **Total Offense Level** | **7** |

Although Mr. Perry acknowledges that he falls within Criminal History Category VI, the charge reflected in PSR, ¶47 (operating with a suspended license) was subsumed and resolved together with the charges described in PSR, ¶45 (possession and uttering of a counterfeit note) on January 24, 2012. Accordingly, there should be no additional 2-point increase for this offense and Mr. Perry's criminal history score should be 13, the low end of Category VI. The sentencing table therefore establishes a guideline range of 15-21 months, which falls within Zone D.

### III. Argument

This Court has broad discretion and latitude to impose a sentence below the guideline range. While the Court must start with a guideline calculation, the guidelines are advisory, and

district courts are required to consider all of the factors listed in 18 U.S.C. § 3553(a) in imposing a sentence. *Gall v. U.S.*, 552 U.S. 38, 49 (2007); *U.S. v. Martin*, 520 F.3d 87, 91 (1st Cir. 2008) (citing *Gall*, 552 U.S. at 49) (district court should begin its sentencing analysis with the advisory guidelines calculation, then its "next steps should include hearing argument from the parties as to the proper sentence in a particular case, weighing the applicability of the sundry factors delineated in 18 U.S.C. § 3553(a), reaching an ultimate sentencing determination, and explicating that decision on the record"). The paramount directive in 18 U.S.C. § 3553(a) is that the Court impose a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of the sentencing statute.

Section 3553(a) directs sentencing courts to consider a number of factors, including (among other things): the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, to afford adequate deterrence, to protect the public, to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, the need to avoid unwarranted sentence disparities. *Id.* § 3553(a)(1) - (a)(7).

During his lifetime, Mr. Perry experienced childhood poverty, a physically and emotionally abuse father, alcohol abuse that afflicted both himself and many members of his family, and bouts of depression so significant that they required inpatient treatment. PSR, ¶¶73-74, 88. He dropped out of school in the ninth grade, PSR ¶92, and immediately became involved in a string of street crimes and drug offenses that resulted in several years of involvement in the state criminal justice system. Despite these significant past challenges, Mr. Perry, who is now 53 years of age, is committed to living a peaceful, family-oriented, and law-abiding life. He is a "kind, helpful, and

loving" man. PSR, ¶81. He is also a devoted father to his children, who enjoys walking his youngest daughter to and from school each and every day. *Id.* He is not a violent person, and he has made determined efforts to address his past history of alcohol abuse.

Mr. Perry he has taken full responsibility for his actions, which were largely the result of desperation, dire financial circumstances, and a desire to support his family. He has paid a heavy price for his criminal conduct, including incarceration, loss of liberty, and a felony conviction. His primary focus is to be there for his children and grandchildren today and in the future, and to live out his life as a responsible member of his family and community.

### IV. Conclusion

Based on the proper guideline calculation, the non-violent nature of the offenses at issue, and Mr. Perry's past and present personal circumstances as described above, a sentence of a year and day - - with no fine - - is sufficient, but not greater than necessary, to effectuate the sentencing purposes of 18 U.S.C. § 3553(a).

Dated: October 10, 2019              Respectfully submitted,

                                     **FRANKLIN PERRY,**
                                     By his attorneys,

                                     */s/ Paul Kelly*
                                     Paul Kelly (BBO #267010)
                                     Benjamin Davis (BBO # 673017)
                                     Jackson Lewis PC
                                     75 Park Plaza, 4th Floor
                                     Boston, MA 02116
                                     Telephone: (617) 367-0025
                                     paul.kelly@jacksonlewis.com
                                     Benjamin.davis@jacksonlewis.com

## Certificate of Service

I certify that this document was filed through ECF and will be sent electronically to the registered participants as identified in the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Paul V. Kelly*
Jackson Lewis P.C.

4843-9610-2056, v. 1